```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MYRON N. CRISDON, | Civil No. 12-2573 (NLH/KMW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CITY OF CAMDEN, | |
| Defendant. | |

**APPEARANCES**:

Myron N. Crisdon
531 N. 7th Street
Camden, New Jersey 08102
     *Pro Se*

**HILLMAN, District Judge**

This matter having come before the Court by way of Plaintiff's application [Doc. No. 4] to proceed in forma pauperis ("IFP application") in this action filed on July 23, 2012; and

The Court having entered an Order on July 11, 2012 administratively terminating Plaintiff's case because Plaintiff failed to pay the required filing fee or to submit an IFP application including an affidavit of poverty; and

The Court having permitted Plaintiff the opportunity to reopen his case by either prepaying the filing fee or submitting an IFP application including the required affidavit within thirty days of the date of entry of the July 11, 2012 Order; and

The Court having reviewed Plaintiff's IFP application and affidavit of poverty submitted on July 23, 2012, the Court grants Plaintiff's application to proceed in forma pauperis in this case and directs the Clerk to file the complaint in this action; and

The Court noting that the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.; and

The Court further noting that a "document filed pro se is to be liberally construed, ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); and

The Court also recognizing that "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.

Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (citations and internal quotation marks omitted); and

The Court observing that a claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004); and

The Court having noted in the July 11, 2012 Order that Plaintiff's complaint in this action asserts that Defendant City of Camden violated his constitutional rights under 42 U.S.C. § 1983 by falsely arresting Plaintiff during the course of a traffic stop; and

The Court noting that Plaintiff previously brought a prior civil action against the City of Camden pursuant to 42 U.S.C. §

3

1983 alleging virtually identical facts and circumstances surrounding Plaintiff's arrest in March of 2009 and asserting a claim for false arrest, see Crisdon v. City of Camden, Civil Action No. 1:11-cv-2087-NLH-KMW (hereinafter, "Crisdon I"); and

The Court having previously dismissed Plaintiff's complaint in Crisdon I with prejudice after finding that Plaintiff's claim for false arrest was barred by the applicable statute of limitations, (see Op. [Doc. No. 10] 10-12, Mar. 2, 2012; see also Order [Doc. No. 11] 1, Mar. 2, 2012); and

The Court having also denied Plaintiff's motion for reconsideration in Crisdon I, (see Mem. Op. & Order [Doc. No. 15] 6-7, Apr. 30, 2012); and

The Court finding that Plaintiff's complaint in this action is duplicative of the complaint filed in Crisdon I and seeks to assert the same cause of action for false arrest asserted in Crisdon I; and

The Court also finding that the dismissal of Plaintiff's claim against the City of Camden in Crisdon I regarding his arrest in March of 2009 was with prejudice, and therefore, the Court's March 2, 2012 Opinion and Order forever barred Plaintiff from bringing a subsequent suit on the same cause of action; and

The Court further finding that Plaintiff's complaint in the present action, which asserts the same claim for false arrest which was previously dismissed with prejudice on statute of

4

limitations grounds, is therefore frivolous because it lacks an arguable basis in law and must be dismissed <u>sua sponte</u> pursuant to 1915(e)(2)(B).

Accordingly,

IT IS on this   30th   day of   July  , 2012, hereby

**ORDERED** that the Clerk is directed to **REOPEN** this action; and it is further

**ORDERED** that Plaintiff's application [Doc. No. 4] to proceed <u>in forma pauperis</u> shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to **FILE** the complaint in this action; and it is further

**ORDERED** that Plaintiff's complaint shall be, and hereby is, **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk is directed to **CLOSE** the file in this action.


At Camden, New Jersey
   /s/ Noel L. Hillman   
NOEL L. HILLMAN, U.S.D.J.